IN RE APPLICATION OF WINTERING.

[Cite as *In re Application of Wintering,* 129 Ohio St.3d 505, 2011-Ohio-4245.]

*Attorneys — Character and fitness — Application to register as candidate for admission to bar — Application disapproved, but with permission to reapply.*

(No. 2011-0588 — Submitted June 8, 2011 — Decided September 1, 2011.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 474.

————————————

**Per Curiam.**

{¶ 1} Todd Stewart Wintering of Cleveland, Ohio, received his J.D. from the Cleveland-Marshall College of Law in May 2008. He applied to register as a candidate for admission to the practice of law in Ohio and to take the Ohio bar examination to be administered in February 2011. Based upon the applicant's failure to cooperate in the process of character and fitness review and his pattern of irresponsibility and unprofessional conduct, the Board of Commissioners on Character and Fitness recommended that we disapprove the applicant's current application but permit him to apply for the February 2014 bar examination. We accept the board's findings of fact and recommendation, with a modification. We will permit the applicant to apply for the February 2013 examination, subject to a full character and fitness review.

**Summary of Proceedings**

{¶ 2} The applicant filed his first application to register as a candidate for admission to the practice of law in Ohio on August 15, 2008. The Cleveland Metropolitan Bar Association's Admissions Committee ("the admissions committee") interviewed the applicant and investigated the applicant's self-

disclosed minor criminal charges between 1997 and 2004 and two employment terminations in 2000. In its report, the admissions committee noted that the applicant failed to respond to its letters and e-mails over a number of months. (The applicant later confirmed that the admissions committee had had the correct contact information, but denied that he had ever received any correspondence from the committee.) The admissions committee further noted that the applicant claimed to have resigned from a position at a law firm in 2008, but the employer firm reported firing the applicant after he failed to appear for work for two weeks, left assignments unfinished, did not return portions of client files, and failed to return any phone calls or e-mails.

{¶ 3} On April 15, 2009, the admissions committee recommended that the applicant not be approved as to character, fitness, and moral qualifications to practice. After the applicant failed to appeal the committee recommendation, this court's Office of Bar Admissions notified him that his application to register as a candidate for admission to the practice of law was considered withdrawn.

{¶ 4} The applicant filed a second application to register as a candidate for admission to the practice of law on January 15, 2010, and in May, he filed an application to take the July 2010 bar examination. By letter dated July 1, the Office of Bar Admissions informed the applicant that the local bar admissions committee had recommended that he be approved for admission. However, upon review of the application, the board of commissioners exercised its sua sponte authority and decided to conduct an investigation and hearing on the applicant's character and fitness.

{¶ 5} On October 1, 2010, the board of commissioners filed an entry appointing a panel of three of its members to hold a hearing on the applicant's character, fitness, and moral qualifications, with the hearing date to be announced. The applicant was informed of this fact by letter dated the same day. Thirteen days later, this court's admissions office received a letter from the applicant

containing a notice of a change of address and a request for an update on the status of his admission application, about which he had heard nothing for "quite some time."

{¶ 6} The board of commissioners held the hearing on January 27, 2011. The applicant did not attend. He later claimed to have received no notice of the hearing, even though he confirmed that the address to which it was sent was correct. Since his October letter, he himself had made no effort to contact any person or entity connected with this matter about either the character and fitness review or the upcoming bar examination.

{¶ 7} The applicant failed to appear at the January 27, 2011 hearing and later denied ever having received notice. Upon finding that the applicant's denial lacked credibility and that he had exhibited a pattern of similar irresponsible and unprofessional conduct, the panel recommended that the applicant's application be disapproved.

{¶ 8} The board agreed and recommended that the applicant be permitted to apply for the February 2014 bar examination, provided that he submit to a full character and fitness investigation, including an investigation and report by the National Conference of Bar Examiners.

## Disposition

{¶ 9} An applicant to the Ohio bar "has the burden to prove by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Id. Additionally, an applicant's failure to

cooperate in proceedings before the admissions committee may result in disapproval. Gov.Bar R. I(11)(D)(1).

**{¶ 10}** Here, the record demonstrates that the applicant repeatedly failed to cooperate with the admissions committee and the panel of the Board of Commissioners on Character and Fitness. He also has a history of unprofessional conduct and an ongoing pattern of failing to take responsibility for his own actions and inactions. Accordingly, we agree that the applicant has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. We disapprove his application to take the bar exam at this time. The applicant may apply to take the February 2013 bar examination, and in doing so shall submit to a full character and fitness investigation.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Kent R. Minshall, for Cleveland Metropolitan Bar Association.

_____